## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NATHAN M. F. CHARLES, ESQ.** | |
| Plaintiff | Case No. _____ |
| v. | |
| **JUDGE LOUIS M. LEIBOWITZ**, in his official capacity as Judge of the Circuit Court for Montgomery County, Maryland | JURY TRIAL DEMANDED PURSUANT TO F.R.C.P. 38(b) |
| Defendant | |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Nathan M. F. Charles, appearing *pro se*, brings this civil action for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1331, and in support thereof states as follows:

### I.    INTRODUCTION

1.    This action seeks injunctive and declaratory relief to prevent further violations of Plaintiff's constitutional rights.

2.    **Plaintiff does not ask this Court to adjudicate divorce or custody matters, which are issues of state law.** Instead, Plaintiff asks this Court to enjoin the Maryland Circuit Court from continuing to impose attorney's fees sanctions against him on the basis of constitutionally protected speech.

3. Over the past two years, multiple Montgomery County Circuit Court judges—including Judges Fogleman, Acosta, Berry, and now Leibowitz—have imposed or threatened sanctions against Plaintiff, **not for substantive litigation misconduct, but because of the tone, content, and persistence of Plaintiff's communications, filings, and criticisms of opposing counsel and the court.**

4. The result has been repeated deprivations of Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, including not only property interests **but also liberty interests in the care and custody of his children**.

## II.    JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution of the United States.

6. Declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201–2202.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b), as all relevant events occurred within this District.

8. Sovereign immunity does not bar this action because Plaintiff seeks only prospective injunctive relief against a state official in his official capacity under *Ex parte Young*, 209 U.S. 123 (1908).

## III.    PARTIES

9.    **Plaintiff Nathan M. F. Charles** is an attorney licensed in Maryland and Pennsylvania. He is a U.S. Naval Academy Graduate, three-time combat veteran, former Navy SEAL officer, and former federal prosecutor in the National Security Division of the U.S. Department of Justice who now operates a small law practice specializing in high-risk asylum cases.

10.    **Defendant Judge Louis M. Leibowitz** is a judge of the Circuit Court for Montgomery County, Maryland, sued in his official capacity only.

## IV.    FACTUAL ALLEGATIONS

### A.    Divorce Sanctions (Judge Fogleman)

11.    In May 2025, Judge Fogleman ordered Plaintiff to pay **$68,588.39** in attorney's fees to opposing counsel, McCabe Russell, P.A.

12.    The written opinion reveals the sanction was based on Plaintiff's "derogatory remarks" about opposing counsel and the court—not on any finding of frivolous or bad-faith litigation.

**13.    The sanction thus punished Plaintiff for his speech, not for misconduct.**

### B.    Abuse of Process Sanctions (Judge Acosta)

14.    Plaintiff filed an abuse-of-process claim against his ex-wife after she filed a frivolous protective order.

15. Judge Acosta dismissed the claim on spurious grounds and ordered Plaintiff to pay **$12,693** in attorney's fees.

16. The sanction was imposed despite Plaintiff's filings citing *Black v. Fox Hills North Community Association, Inc.* and other cases limiting Rule 1-341 sanctions to extraordinary misconduct.

17. On appeal, the Appellate Court of Maryland affirmed, even while acknowledging the trial court's reasoning was conclusory.

18. Both courts upheld sanctions based solely on the "tone" and "tenor" of Plaintiff's communications.

**C.    Custody Restrictions Imposed by Judge Berry**

19. In custody litigation, Judge Berry imposed supervised visitation on Plaintiff, restricting him to **only one supervised weekend per month with his children**.

20. This order stripped Plaintiff of virtually all meaningful access to his children, constituting not only a deprivation of property interests but also a deprivation of his **fundamental liberty interest** in the care, custody, and companionship of his children.

21. Judge Berry imposed this restriction despite the absence of any credible abuse allegations, despite Plaintiff's lack of any criminal record, history of

mental illness, substance abuse, or alcoholism, and despite the absence of any evidence that Plaintiff posed a danger to his children.

22.    The timing and context reveal the restriction was imposed in retaliation for Plaintiff's filing of a petition criticizing Judge Berry's knowledge of family law, specifically regarding the treatment of veterans' housing benefits in divorce proceedings.

23.    The order thus exemplifies the retaliatory pattern at issue: severe restrictions imposed not for misconduct, but for Plaintiff's protected speech criticizing the judiciary.

**D.    Custody Sanctions and Judge Leibowitz's Warning**

24.    During that same custody litigation, Judge Berry dismissed Plaintiff's petition at the outset of trial, meaning the three-day trial proceeded solely on Defendant's counter-petition.

25.    Despite Plaintiff's status as respondent, opposing counsel frivolously demanded attorney's fees against him.

26.    Judge Leibowitz has since continued to entertain these claims and scheduled a fee hearing for October 16, 2025.

27.    At the omnibus motions hearing on **August 29, 2025**, Judge Leibowitz addressed Plaintiff's out-of-court email to Navy Federal Credit Union and stated on the record:

*So this is kind of my last word, and I'm going to send you guys on your way for the weekend. There's a lot of stress -- or stress in this case. Okay. Some of this is the makings of you, Mr. Charles. Okay. I'll give you an example. I saw an email that you wrote to Navy Federal Credit Union, threatening a lawsuit, et cetera, if they did X, Y, Z. Okay. That person has nothing to do with it. You never even met that person. All right. That person is just some loan officer at a bank who's trying to do her job. Completely unnecessary. You can feel angry, okay? But don't take it out on her. Right. She was just trying to clarify her -- what was supposed to happen. It's that kind of thing that's making this case more difficult, and is costing you money because judges, and I may be one of them in the future, we'll see, are ordering attorneys' fees. Right. And you're not Jeff Bezos. Okay. You're not Elon Musk, and you don't have hundreds of thousands of dollars to pay in attorneys' fees. **But if you continue to act that way, it's going to continue to be expensive.** Right.*

28.     By these remarks, Judge Leibowitz explicitly warned Plaintiff that sanctions would be imposed for his out-of-court speech and communications, not for litigation misconduct.

### E.     Sanctions Imposed by Judge Leibowitz

29.     On September 24, 2025, Judge Leibowitz entered an **Opinion and Order** awarding Defendant **$23,680** in attorney's fees against Plaintiff, purportedly under Maryland Rule 1-341.

30.     Judge Leibowitz did so based on a finding that Plaintiff's appeal of Judge Berry's custody order — which had stripped Plaintiff of all but one weekend per month of supervised visitation with his children — was frivolous.

31.     At the same time, however, Judge Leibowitz expressly found that Plaintiff's claims of error regarding the severity of Judge Berry's imposition of

supervised visitation and the significant reduction in Plaintiff's access to his children had **arguable merit**.

32.     Despite this finding, Judge Leibowitz nonetheless imposed $23,680 in sanctions against Plaintiff, thereby punishing him for pursuing an appeal that the court itself acknowledged contained non-frivolous claims.

33.     In the same set of proceedings, Judge Leibowitz also imposed **$1,225 in sanctions against Plaintiff** based on Defendant's prior petition for contempt—even though Defendant had withdrawn that petition before any contempt finding was entered into the record.

34.     These sanctions demonstrate that Judge Leibowitz made good on his promise from August 29, 2025: **he sanctioned Plaintiff for constitutionally protected speech, not for proven misconduct**.

F.     **Maryland Law on Sanctions (Black v. Fox Hills)**

35.     Maryland precedent is clear that sanctions under Rule 1-341 are reserved for only the rarest and most egregious abuses. In *Black v. Fox Hills North Community Ass'n, Inc.*, 90 Md. App. 75 (1992), the Court of Special Appeals held:

    a.  An award of costs and fees under Rule 1-341 "is reserved for [the] rare and exceptional case and is intended to eliminate abuses in the judicial process and not penalize a party and/or counsel for asserting [a] colorable claim or defense."

b. "The redress available under Rule 1-341 applies only when a suit is patently frivolous and devoid of any colorable claim, and thus sanctions under the rule should be imposed only when there is [a] clear, serious abuse of judicial process and not simply because [a] complaint failed to state a cause of action."

c. Rule 1-341 "is not, and never was intended, to be used as a weapon to force persons who have a questionable or innovative cause to abandon it because of a fear of the imposition of sanctions."

36. Plaintiff's filings consistently presented at least colorable claims. Judge McAuliffe denied dismissal of his petition before trial. Judge Leibowitz himself recognized that one of Plaintiff's appellate claims was not sanctionable. By law, such claims cannot be the basis for Rule 1-341 sanctions.

37. The repeated sanctions imposed against Plaintiff therefore cannot be explained as enforcement of Rule 1-341. Instead, the sanctions were transparently imposed because the court disapproved of Plaintiff's speech, tone, and criticisms.

**G.    Selective Enforcement and Disparate Treatment**

38. Opposing counsel (McCabe, Tebeleff, and Russell) have repeatedly submitted false evidence and misrepresentations to the court—including redacting documents to conceal exculpatory portions, offering known false tax returns into evidence, and misstating prior judicial rulings.

39.    Despite this pattern of misconduct, no sanctions were imposed against them.

40.    Instead, Plaintiff alone has been singled out for crushing financial penalties, creating an irrational and arbitrary distinction between him and other similarly situated litigants.

41.    This selective enforcement demonstrates a violation of the Equal Protection Clause.

## COUNT I
### First Amendment Retaliation
### (Violation of 42 U.S.C. § 1983)

42.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43.    By imposing and threatening attorney's fees and custody restrictions based on the tone, content, and viewpoint of Plaintiff's speech, Defendant and other state actors have retaliated against Plaintiff for engaging in constitutionally protected expression.

44.    Such retaliation chills Plaintiff's ability to petition the courts and criticize opposing counsel or judicial reasoning, striking at the heart of the First Amendment.

## COUNT II
## Fourteenth Amendment Due Process
## (Violation of 42 U.S.C. § 1983)

45.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46.    Rule 1-341 sanctions are, by Maryland law, an "extraordinary remedy, intended to reach only intentional misconduct." *Black v. Fox Hills*, 90 Md. App. at 84.

47.    Sanctions are "reserved for [the] rare and exceptional case" and apply "only when a suit is patently frivolous and devoid of any colorable claim." Id.

48.    Sanctions "should be imposed only when there is [a] clear, serious abuse of judicial process and not simply because [a] complaint failed to state a cause of action." Id.

49.    Plaintiff's cases indisputably contained at least colorable claims, as recognized by trial and appellate judges at multiple stages.

50.    Sanctioning Plaintiff despite the existence of arguable claims violated the rule's own substantive standard and thus deprived Plaintiff of property without due process of law.

51.    In reality, the sanctions were not based on any judicial finding of abuse of the litigation process but on Plaintiff's constitutionally protected speech

— his criticisms of opposing counsel, his rhetorical tone, and his out-of-court communications.

## COUNT III
### Fourteenth Amendment Equal Protection
### (Violation of 42 U.S.C. § 1983)

52.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.    Plaintiff has been uniquely targeted for sanctions and custody restrictions despite opposing counsel's more egregious misconduct.

54.    No rational basis exists for sanctioning Plaintiff while excusing attorneys who submitted false evidence and obstructed federal tax obligations.

55.    This pattern constitutes arbitrary, irrational, and discriminatory treatment, violating the Equal Protection Clause.

## COUNT IV
### Fourteenth Amendment Substantive Due Process (Fundamental Liberty Interest)
### (Violation of 42 U.S.C. § 1983)

56.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.    The Supreme Court has recognized that parents have a fundamental liberty interest in the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Santosky v. Kramer*, 455 U.S. 745, 753 (1982).

58.     Judge Berry's order restricting Plaintiff to one supervised weekend per month with his children, in the absence of any credible abuse allegations, criminal history, substance abuse, or mental illness, constituted an arbitrary and punitive deprivation of this fundamental right.

59.     The context and timing of the order — following Plaintiff's petition criticizing Judge Berry's knowledge of family law regarding veterans' housing benefits — demonstrates that the restriction was not imposed to protect the best interests of the children, but in retaliation for Plaintiff's protected speech.

60.     By depriving Plaintiff of the fundamental liberty to parent his children without due process of law, the state court violated the Fourteenth Amendment.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Issue a declaratory judgment that sanctions imposed against Plaintiff based on his speech violate the First and Fourteenth Amendments;

b. Enter a preliminary and permanent injunction prohibiting Defendant from imposing attorney's fees sanctions against Plaintiff based on the content or tone of his communications, filings, or criticisms;

c. Award Plaintiff costs and such further relief as this Court deems just and proper.

October 3, 2025
Date:

NATHAN M. F. CHARLES, Esq.
Managing Partner,
Charles International Law.
www.charlesinternationallaw.com
*Attorney for the Plaintiff*
EOIR ID: EE182662
Maryland Attorney 2011200007
Pennsylvania Attorney 315497
606 Baltimore Ave., Unit 207, #556
Baltimore, MD 21204
(o) 240-406-4977
(m) 717-202-9407
nate@charlesinternationallaw.com