**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND**

| | |
|---|---|
| **NATHAN M.F. CHARLES, ESQ., et al.,** | * |
| *Plaintiffs*, | * |
| v. | *   **Civil No. 8:25-cv-03302-PX** |
| **JUDGE LOUIS M. LEIBOWITZ, et al.** | * |
| *Defendants.* | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, the Honorable Louis M. Leibowitz, Associate Judge of the Circuit Court for Montgomery County, Maryland, ("Judge Leibowitz") by his undersigned counsel, has moved to dismiss plaintiff's complaint (ECF No. 1), and in support thereof submits this memorandum of law.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Rachel L. Stewart
RACHEL L. STEWART
Federal Bar No. 27352
Assistant Attorney General
200 St. Paul Place
Baltimore, Maryland  21202
rstewart@oag.maryland.gov
(410) 576-7934
(410) 576-6393 (facsimile)

Attorneys for Defendant

**TABLE OF CONTENTS**

Page

INTRODUCTION AND FACTUAL BACKGROUND .. **Error! Bookmark not defined.**

ARGUMENT.................................................................................................................4

I.    Standard of Review. ...........................................................................................4

II.   The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction...........5

   A. Plaintiff's Federal Claims Are Barred by the *Rooker-Feldman* Doctrine................5

   B. This Court Must Abstain Under the *Younger* Doctrine.............................................7

   C. Plaintiff's Claims Are Barred by Eleventh Amendment Immunity.........................8

   D. Plaintiff's Claims Do Not Trigger the *Ex Parte Young* Exception .........................9

   E. Plaintiff's Claims Are Barred by Absolute Judicial Immunity .............................10

III.   Plaintiff Fails to State a Claim Upon Which Relief May Be Granted. ...........**Error! Bookmark not defined.**1

   A. The Complaint Fails to State a Claim for Injunctive Relief..................................13

   B. The Complaint Fails to Allege Any First Amendment Retaliation Claim. ............15

   C. The Complaint Fails to Allege a Due Process Violation.......................................16

   D. The Complaint Sets Forth No Equal Protection Claim.........................................17

CONCLUSION ............................................................................................................18

i

## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Nathan M. F. Charles, Esq. has filed a complaint against Judge Leibowitz, a State court judge for the Circuit Court of Montgomery County, Maryland. The complaint stems from orders entered or threatened in a family law matter, namely *Nathan M.F. Charles v. Tiffany Summerfield Charles*, Circuit Court for Montgomery County, Maryland Case No. C-15-FM-23-004564 (the "State Divorce Case").[1] This is the second lawsuit in this Court filed by Mr. Charles arising from orders in the State Divorce Case. The prior lawsuit was dismissed voluntarily by plaintiff. *See Nathan M.F. Charles v. Christopher C. Fogleman*, Case No. 25-cv-01985-LKG.

In the instant litigation, Mr. Charles seeks injunctive and declaratory relief against Judge Leibowitz restraining him from "continuing to impose attorney's fees sanctions against him on the basis of constitutionally protected speech." (ECF No. 1, at ¶ 2.) Mr. Charles asserts that over the last two years he has been the subject of **imposed or threatened** orders sanctioning him "not for substantive litigation misconduct, but because of the tone, content, and persistence of his communications, filings and criticisms of opposing counsel and the court." (ECF No. 1, at ¶ 3 (emphasis added).) Mr. Charles claims

---

[1] The State Divorce Case is related to various matters in Maryland state courts. These matters include cases in the Appellate Court of Maryland: Case Nos. ACM-REG-1721-2023, ACM-REG-2388-2023, ACM-REG-2240-2024, ACM-REG-0467-2025, ACM-REG-1553-2025, ACM-REG-2626-2025; and cases in the Supreme Court of Maryland: SCM-MISC-0030-2023, SCM-PET-0004-2024, SCM-MISC-0010-2024, SCM-MISC-0034-2024, SCM-MISC-0061-2024.

1

that as a result of the actions of Judge Leibowitz and others,[2] he has been deprived of rights under the First and Fourteenth Amendments.  (ECF No. 1, at ¶ 4.)

Mr. Charles complains specifically of two orders entered by Judge Leibowitz.  First, he asserts that Judge Leibowitz entered an order awarding attorneys' fees to his ex-wife in the amount of $23,680 for an appeal which he allegedly admitted was not without merit. (ECF No. 1, at ¶ 29, 31), *see also* September 24, 2025, Order attached as Exhibit 1.[3]  Mr. Charles also claims that Judge Leibowitz imposed $1,225[4] in sanctions against him due to his filing of a petition for contempt that he later withdrew.  (ECF No. 1, at ¶ 33); *see also* September 17, 2025, Order attached as Exhibit 3.

Mr. Charles seeks a declaration that sanctions imposed against him violated the First and  Fourteenth Amendments of the United States Constitution and entry of a preliminary and  permanent  injunction  prohibiting  Judge  Leibowitz  from  imposing  attorney's  fees sanctions  against  him  based  on  "the  content  or  tone  of  his  communications,  filings,  or criticisms."  (ECF No. 1, at 12.)

---

[2] In paragraphs 3, 11, 15, 19, and 24 of plaintiff's complaint, he references the actions of several other judges who are not currently parties to this litigation.  As noted in fn. 1 of Judge Leibowitz's motion to dismiss, Plaintiff has filed a motion for leave to file a second amended complaint in which he adds Judge Douglas R. M. Nazarian, Judge Stuart Berger, Judge Laura S. Ripken, Judge Christopher C. Fogleman, Judge Bibi M. Berry, Judge Mary E. Ayres, Judge Carlos F. Acosta, and Judge James A. Bonifant as party defendants.

[3] By Judge Leibowitz's order dated October 15, 2025, the order was vacated as to the amount of the attorneys' fees.  Exhibit 2.

[4] According to the Order, the attorneys' fees award was in the amount of $1,222.00. *See* Exh. 3.

Mr. Charles omits several facts from his complaint relevant to this matter. Specifically, Mr. Charles fails to advise the Court that he has appealed Judge Leibowitz's September 17, 2025, Order to the Appellate Court of Maryland. *See* Notice of Appeal, Exhibit 4. The appeal is currently pending having been submitted on the briefs to the Appellate Court. *See Nathan M.F. Charles v. Tiffany Summerfield Charles*, Appellate Court of Maryland Case No. ACM-REG-1553-2025 docket report, Exhibit 5.

Furthermore, on November 8, 2025, Mr. Charles filed a "Petition for Restitution of Attorney's Fees Awarded in Violation of the First and Fourteenth Amendments" in the State Divorce Case. *See* Exhibit 6. Although the orders of Judge Leibowitz are not specifically addressed in plaintiff's motion,[5] he requests vacatur and restitution of "all attorney's-fee awards entered against him." Exh. 6, at 1. In his motion, similarly to the instant complaint, Mr. Charles asserts that the sanctions are based on his speech and thus violate his constitutional rights. Exh. 6, at ¶¶ 3-5. Mr. Charles' motion was denied by the State court on December 8, 2025. Exhibit 7.

As set forth below, Mr. Charles' complaint against Judge Leibowitz should be dismissed because the Court lacks subject matter jurisdiction, and plaintiff fails to allege any valid cause of action against Judge Leibowitz.

---

[5] Plaintiff does specifically reference two other orders in his state court motion that are also referenced in the instant complaint. *See* Exh. 6, at ¶ 2 (b), (c); (ECF No. 1, at ¶¶ 11, 15.)

3

**ARGUMENT**

**I.    STANDARD OF REVIEW.**

A court should grant a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In evaluating a challenge to the court's subject matter jurisdiction, a court is permitted to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. "[T]he court takes all well-pleaded factual allegations as true." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). However, a "court is not obligated to assume that [the] plaintiff's *legal conclusions or arguments* are also true." *Id*. (emphasis in original, internal quotations omitted).

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim should be granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs, Inc., v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss [for failure to state a claim,] the court should accept as true all of the well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Id*. The Court, however, may disregard "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002), because the

4

purpose of a Rule 12(b)(6) motion is to determine "the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). "In reviewing a Rule 12(b)(6) dismissal, [the court] may properly take judicial notice of matters of public record." *Phillips v. Pitt County Memorial Hosp.*, 572 F.3d 176 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir.2004)).

## II.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

### A.    Plaintiff's Federal Claims Are Barred by the *Rooker-Feldman* Doctrine.

The Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which prevents a federal district court from exercising jurisdiction over a case brought by a "state court loser" challenging a state court judgment rendered before the district court proceedings commenced. *See Lance v. Dennis*, 546 U.S. 459, 460 (2006). Under this doctrine, "federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature," *Gentner v. Shulman,* 55 F.3d 87, 89 (2d Cir. 1995), and "federal review, if any, can occur only by way of a certiorari petition to the Supreme Court," *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir. 1996).

The *Rooker-Feldman* doctrine prohibits "lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir. 2002). "A claim is inextricably intertwined . . . when 'at a minimum, . . . a federal plaintiff had an opportunity to litigate a claim in a state proceeding . . . [and] the claim would be barred under the principles of preclusion.'" *Id.* In other words, "if the state-court loser seeks redress in the

5

federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006).

In short, the *Rooker-Feldman* doctrine applies when a federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Plyer v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997). That is what is being asserted in the present case against the Defendant. Mr. Charles seeks an opportunity to re-litigate a state court's ruling concerning sanctions imposed on him during the State Divorce Case. (*See* ECF No. 1, at ¶ 36.) One of the orders of which plaintiff complains is currently on appeal in the Appellate Court of Maryland. Exhs. 4, 5. Plaintiff also filed a motion to set aside sanctions orders entered against him in the State Divorce Case, which motion was denied by the State Court. *See* Exhs. 6, 7. Any review of the state court's denial rests in the Maryland appellate courts, not before this Court.

Plaintiff seeks to invalidate or recast adverse state court orders – quintessential de facto appeals of state court decisions. Accordingly, the *Rooker-Feldman* doctrine bars plaintiff's claims against Judge Leibowitz. Because the *Rooker-Feldman* doctrine bars plaintiff's claims against Judge Leibowitz, this Court lacks subject matter jurisdiction, and the claims against Judge Leibowitz should be dismissed. That is, respectfully, this Court may not exercise appellate review over state court orders.

**B.    This Court Must Abstain Under the *Younger* Doctrine.**

Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The policies underlying the *Younger* doctrine are "fully applicable to civil proceedings in which important state interests are involved." *Moore v. Sims*, 442 U.S. 415, 423 (1979). *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Nat'l Home Ins. Co. v. State Corp. Comm'n of Com. of Va.*, 838 F. Supp. 1104, 1117-18 (E.D. Va. 1993); *Middlesex*, 457 U.S. at 432.

Here, Mr. Charles' State Divorce Case remains open and at least one order at issue here is on appeal in the state appellate court. Furthermore, Mr. Charles has had an opportunity to and has in fact raised the issue of the sanctions orders entered against him violating his constitutional rights in the state court. (*See* Exh. 6.) Finally, the state of Maryland clearly has a substantial interest in the proceedings as they are necessary for the proper functioning of the state judicial system and the management of judicial resources. *See Middlesex*, 457 U.S. at 432; *see also Harper v. Public Service Comm'n of W. Va.*, 396 F.3d 348, 352 (2005) ("enforcing state court judgments cuts to the state's ability to operate its own judicial system, a vital interest for *Younger* purposes"); *Juidice v. Vail,* 430 U.S.

7

327, 335 (1977) (abstaining under *Younger* from adjudicating challenges to state court contempt proceeding). *Younger* abstention precludes federal courts from interfering with state court proceedings that are "'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73, 78 (2013) (citation omitted).

Here, the elements warranting *Younger* abstention are met. The state court proceedings provide an adequate (and appropriate) opportunity for plaintiff to raise the issues in this action to the appellate court in Maryland. *Kaplan v. CareFirst, Inc.*, 614 F. Supp. 2d 587, 595 (D. Md. 2009) ("So long as [the plaintiff] has the opportunity to raise his federal claims in the state court, . . . the intervention of a federal court is not necessary for the protection of his federal rights." (citation and internal quotation marks omitted)). Because the same claims made in the instant action were available to be made in the matter before the state court in Maryland, it is in "the interests of comity and wise judicial administration dictate[s]" to abstain from this matter. *Woodward & Lothrop, Inc., Neall,* 813 F. Supp. 1158, 1163 (D. Md. 1993). There is no question that there are ongoing state actions and, therefore, this Court must abstain from exercising jurisdiction over the claims regarding ongoing state court matters. *Younger*, 401 U.S. 37.

**C.    Plaintiff's Claims Are Barred by Eleventh Amendment Immunity.**

The claims against Judge Leibowitz should be dismissed because they are barred under the Eleventh Amendment. The Eleventh Amendment bars suit in federal court against states, their agencies, and officials acting in an official capacity, unless Congress

abrogates the immunity, or a state waives it.[6]  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalfe & Easy, Inc.*, 506 U.S. 139, 144 (1993).  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trs. of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363 (2001).  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  "As such, it is no different from a suit against the State itself."  *Id.*

Judge Leibowitz is sued in his "official capacity."  (ECF No. 1, at ¶ 4.)  Pursuant to Section 12-101(a)(11) of the State Government Article of the Maryland Code, "[A] judge of a circuit court of a county or Baltimore City" is "State personnel."  Therefore, the State of Maryland is the real party in interest.  *Will*, 491 U.S. 71.  The State of Maryland has not waived its sovereign immunity.   In short, Mr. Charles' claim brought against Judge Leibowitz in his official capacity is barred.

**D.      Plaintiff's Claims Do Not Trigger the *Ex Parte Young* Exception.**

As an exception to Eleventh Amendment Immunity, the doctrine derived from *Ex parte Young*, 209 U.S. 123 (1908) "allows suits against state officers for prospective equitable relief from ongoing violations of federal law."  *Lytle v. Griffith*, 240 F.3d 404 (4th Cir. 2001).  *Ex parte Young* is limited to cases where there is an ongoing violation of

---

[6] The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI.

federal law and the relief sought is prospective. *Albert v. Lierman*, 152 F.4th 554, 560 (4th Cir. 2025).

Mr. Charles' allegations fail to state a claim of an on-going violation of federal law. Specifically, his claims seek to challenge judicial rulings and court orders of a State court judge. His allegations focus on discrete past acts that occurred in previous judicial proceedings. As such, *Ex parte Young* would not apply.

Because at least some of the relief sought by plaintiff is retroactive, not prospective, *Ex parte Young* is inapplicable. Plaintiff claims monetary damages, in the form of attorneys' fees, thereby seeking to compensate plaintiff for alleged past harm, which is retroactive relief. Plaintiff seeks declaratory and injunctive relief regarding the court orders and judicial rulings that he has complained about and have been entered. To the extent that he seeks such relief, that relief would be retroactive and not prospective, because it seeks to address an alleged past harm rather than remedy a harm before it has occurred, thus making *Ex parte Young* inapplicable.

Mr. Charles' claims are barred by Eleventh Amendment immunity. Furthermore, the *Ex parte Young* doctrine does not apply because there is no ongoing violation of federal law and the relief sought by plaintiff is not wholly prospective. As such, Mr. Charles claims against Judge Leibowitz should be dismissed.

### E.    Plaintiff's Claims Are Barred by Absolute Judicial Immunity.

The suit against Judge Leibowitz is also barred by absolute judicial immunity. "Judicial immunity is immunity from suit." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985)). Judicial immunity is grounded in a

"general principle of the highest importance . . . that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).

Absolute judicial immunity exists "however erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff." *Bradley*, 80 U.S. at 347. "Indeed, the doctrine of judicial immunity is so expansive that it is overcome only when (1) the action is nonjudicial, i.e., not taken in the judge's judicial capacity; or (2) the action, although judicial in nature, is performed in the complete absence of all jurisdiction." *Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 356 (E.D.N.Y. 2004) (citing *Mireles*, 502 U.S. at 11-12). Judicial immunity not only bars suits for damages, it also protects judges from the imposition of injunctive relief. *See Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006).

In short, "[j]udicial immunity is strong medicine." *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023). "When it applies it is absolute. It not only protects judges from ultimate liability in a case, but also serves as a complete bar to suit." *Id.* at 223 (citing *Mireles*, 502 U.S. at 11). Because Mr. Charles' claim against Judge Leibowitz is based upon his judicial acts occurring during the presiding over the State Divorce Case, it is barred by absolute judicial immunity.

## III.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

11

556 U.S. 662, 678 (2009).  Federal Rule of Civil Procedure 8(a)(2) requires that "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678.  A pleading must allege something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A court has discretion to determine the level of clarity that is necessary, and "[*p*]*ro se* plaintiffs … are generally given more leeway than parties represented by counsel." *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing CHARLES A. WRIGHT AND ARTHUR R. MILLER, 5 FEDERAL PRACTICE & PROCEDURE § 1217 (2d Ed. 1990)). However, even *pro se* litigants must set forth claims that are understandable so that the amended complaint "serve[s] as a useful starting point for any litigation." *Id*.  Though Mr. Charles holds himself out to be *pro se*, he is, in fact, an attorney in good standing licensed in the State of Maryland and a member of the bar of this Court.

Mr. Charles has not provided this Court with a clear statement of facts necessary to constitute any cause of action against Judge Leibowitz.  The only thing that plaintiff has established is that Judge Leibowitz presided over plaintiff's absolute divorce and issued rulings in relation to that matter with which plaintiff does not agree.  While Mr. Charles' complaint sets forth labeled counts, he fails to sufficiently allege the elements of any cause of action.

Moreover, Mr. Charles' "conclusions" and "'naked assertion[s]' devoid of 'further factual enhancement'" fall well short of necessity of alleging facts to support the elements

12

required of any cause of action. *Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed.

### A.    THE COMPLAINT FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF.

The issuance of "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), *see also SAS Institute, Inc. v. World Programming Lmtd*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be.").

A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Furthermore, to be entitled to the extraordinary remedy of an injunction, a plaintiff must establish the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted); *see also, O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (noting that "the likelihood of substantial and immediate irreparable injury" is a requirement for the issuance of an injunction). An injunction "will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Here, Mr. Charles has alleged no facts that the complained of "wrongs" of Judge Leibowitz are likely to occur in the future. The "wrongs" plaintiff seeks to address are all

13

alleged past wrongs.  Although Mr. Charles alleges that Judge Leibowitz warned him of possible future sanctions for continued inappropriate behavior, plaintiff fails to show that Judge Leibowitz's warning is certain to result in further "wrongs" by Judge Leibowitz.  On its face, the complaint fails to allege facts warranting an injunction.

As to the injunctive relief sought by plaintiff which could be available under *Pulliam v. Allen,* 466 U.S. 522 (1984) (*i.e.*, a 42 U.S.C. § 1983 claim), the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847, amended § 1983 to provide that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."[7]  Courts, therefore, have dismissed claims brought against state court judges for injunctive relief under § 1983.  *See, e.g., Donato Malave v. Abrams*, 547 F. App'x 346, 347 (4th Cir. 2013) (upholding dismissal of suit for injunctive relief brought against Maryland state court  judges under § 1983); *Coleman v. Governor of Mich*., 413 F. App'x 866, 873 (6th Cir. 2011) (stating that § 1983 extends judicial immunity to suits for equitable or injunctive relief); *Rembert v. Fishburn*, No. 3:15-cv-0949, 2015 WL 5842149, at *3 (M.D. Tenn. Oct. 6, 2015) (granting judicial immunity in suit for injunctive relief); *Ciavone v. Slavens*, 2:14–13133, 2014 WL 4414504, at *3 (E.D. Mich. Sept. 8, 2014) (stating that § 1983 extends judicial immunity to suits for equitable or injunctive relief); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446–48 (E.D. Mich. 2006) (dismissing claim where the plaintiff did not allege "that the

---

[7] "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Judicial Defendants violated a declaratory decree or that declaratory relief was unavailable at any relevant time"); *Dixon v. Cole*, No. CV TDC-16-3922, 2018 WL 922355, at \*3 (D. Md. Feb. 15, 2018) ("such [injunctive] relief is unavailable under § 1983"); *see Willner v. Frey*, 421 F. Supp. 2d 913, 926 n.18 (E.D. Va. 2006).

Accordingly, Mr. Charles' request for an injunction must be dismissed as no injunctive relief is available here.

**B.    THE COMPLAINT FAILS TO ALLEGE ANY FIRST AMENDMENT RETALIATION CLAIM.**

The Court should also dismiss the operative complaint because it does not sufficiently plead a claim of First Amendment retaliation against Judge Leibowitz. To properly state a claim for First Amendment retaliation, plaintiff needed to allege that "(1) [he] engaged in protected First Amendment activity, (2) the [defendant] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the [defendant's] conduct." *Jones v. Solomon*, 90 F.4th 198, 213 (4th Cir. 2024) (citations omitted).

As described above, Plaintiff complains of two orders entered by Judge Leibowitz in the State Divorce Case:  a September 24, 2025, order awarding attorneys' fees following an appeal (Exh. 1); and a September 17, 2025, order awarding sanctions for a petition of contempt filed by plaintiff (Exh. 3).  Both orders specifically set forth the basis for the awards provided, and plaintiff provides no factual allegations, only conclusions, that the awards were based on his First Amendment rights, rather than his contumacious or legally baseless conduct.

15

A court's ability to sanction a party's conduct was recognized by the Supreme Court as within the inherent authority of a court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980). Moreover, the federal courts have recognized limits on free speech with respect to court proceedings. *See Cordova v. Univ. Hosp. & Clinics, Inc.*, 92 F.4th 266, 274 (5th Cir.), *cert. denied sub nom. Mire v. Univ. Hosp. & Clinics, Inc.*, 144 S. Ct. 2608 (2024) ("there is no First Amendment exception to a Rule 11 violation"); *Lake v. Gates*, 130 F.4th 1054, 1059 (9th Cir. 2025) (citing *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1071, 111 S. Ct. 2720, 115 L. Ed. 2d 888 (1991)) ("It is unquestionable that in the courtroom itself, during a judicial proceeding, whatever right to 'free speech' an attorney has is extremely circumscribed" and "the right to petition protected by the First Amendment does not include the right to maintain groundless proceedings.")

Even if Mr. Charles has set forth sufficient elements of a First Amendment retaliation claim, he cannot use the First Amendment as a shield to protect him from sanctionable conduct under the Maryland Rules. Accordingly, his claim should be dismissed.

### C.    THE COMPLAINT FAILS TO ALLEGE A DUE PROCESS VIOLATION.

Due process requires "fair notice of impending state action and an opportunity to be heard." *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 146 (4th Cir. 2014) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Mr. Charles fails to plead a due process claim as he does not claim that he was denied an opportunity to review any request for sanctions or respond to it; rather plaintiff's claim is based on what he believes to be a failure to or incorrect application of the law. (*See* ECF No. 1, at 10-11, 11-12.)

16

Mr. Charles conflates due process with an error-free government.  If an error did occur in the State court, it does not constitute a violation of his due process rights because "due process does not guarantee error-free government, it assures reasonable procedural protections appropriate to the fair determination of the particular issues presented in a given case."  *Plato v. Roudebush*, 397 F. Supp. 1295, 1313 (D. Md. 1975) (applying Maryland law).  Any claim based on a due process violation must be dismissed.

While Mr. Charles alleges in Count IV of his complaint that he was deprived of a liberty interest in the care of his children through an order entered by Montgomery County Circuit Court Judge Bibi M. Berry (ECF No. 1, at ¶ 58), Judge Berry is not currently a party to the litigation.  Furthermore, the Appellate Court of Maryland has previously reviewed Mr. Charles' claim and affirmed Judge Berry's order.  *Charles v. Charles*, No. ACM-REG-2240-2024, 2025 WL 1857620 (Md. App. July 2, 2025).

### D.    THE COMPLAINT SETS FORTH NO EQUAL PROTECTION CLAIM.

In Count III of Mr. Charles' complaint, he asserts that he was treated differently than other attorneys.  (ECF No. 1, at ¶ 53-54.)  However, he fails to provide any factual information to support a finding that he was discriminated against.  Accordingly, his claim should be dismissed.

In *Morrison v. Garraghty*, the Fourth Circuit held that to state a claim for an Equal Protection Violation, the plaintiff must allege sufficient facts to show (1) he "was treated differently from others with whom he is similarly situated," and (2) that "discriminatory animus" was the cause of the differential treatment, and (3) the disparity in treatment cannot be justified under the requisite level of scrutiny. 239 F.3d 648, 654 (4th Cir. 2001).

17

Plaintiff provides no information to glean that Judge Leibowitz acted with a discriminatory animus or that his orders were a "result of intentional or purposeful discrimination." *Id.* Mr. Charles' allegations are nothing more than "she is as bad as or worse than me" statements. (*See* ECF No. 1, at ¶ 53-54.) Accordingly, his claim for Equal Protection Violation should be dismissed.

## CONCLUSION

For any or all of the above reasons, the complaint should be dismissed with prejudice.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland


/s/ Rachel L. Stewart
RACHEL L. STEWART
Federal Bar No. 27352
Assistant Attorney General
200 St. Paul Place
Baltimore, Maryland  21202
rstewart@oag.maryland.gov
(410) 576-7934
(410) 576-6393 (facsimile)

Attorneys for Defendant