# EXHIBIT 3

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

NATHAN CHARLES,

    *Plaintiff,*

    v.

TIFFANY ANN SUMMERFIELD,

    *Defendant.*

Case No. C-15-FM-23-4564

## OPINION AND ORDER

**UPON CONSIDERATION** of Defendant's Verified Petition for Contempt (filed July 11, 2025), Defendant's Verified Supplemental Petition for Contempt (filed August 8, 2025), Plaintiff's Answer to Defendant's Petition for Contempt Re the Parties' 529 Plans (filed July 11, 2025), and Defendant's Line [Filing Affidavit of Attorney's Fees and Invoices Regarding Defendant's Verified Petition for Contempt and Supplement (529 Accounts)] (filed September 4, 2025), and the record herein, the Court makes the following findings.

## BACKGROUND

On May 23, 2025, this Court entered a Judgment of Absolute Divorce ("JAD"), which ordered, *inter alia*, "that on or before Friday, June 20, 2025, Plaintiff transfer all the funds in his Maryland 529 Plans for each Minor Child to a Maryland 529 account in Defendant's name for the benefit of each minor child." Defendant alleges in her Petition that on June 20, 2025, Defendant's counsel requested that Plaintiff transfer the 529 funds into Defendant's 529 accounts for their minor children and that Defendant refused. Defendant's Motion, Exhibit B. Plaintiff, in his Answer, admitted that Defendant's counsel requested he transfer the funds and that he did not. Plaintiff's Answer, paragraph 3(a)-(b). In his Answer, Plaintiff argued, in summary, that the did

Page 1 of 5

not transfer the 529 funds because "[t]he JAD is riddled with errors. **In fact, it is wholly incompetent.**" (emphasis in original). Following Plaintiff's refusal to transfer the funds, Defendant filed her Petition for Contempt and Supplemental Petition for Contempt. At a hearing on August 29, 2025, Defendant's counsel reported that Plaintiff had transferred the 529 funds into Defendant's 529 accounts, and therefore, was no longer in contempt. Accordingly, Defendant orally withdrew her Petition for Contempt but maintained her request for attorney's fees. The question presented is whether Plaintiff's refusal to abide by the May 23, 2025 order was in bad faith or without substantial justification? For the reasons set forth in this Opinion and Order, this Court finds that Plaintiff's refusal to abide by the JAD was in bad faith and without substantial justification.

## DISCUSSION

"In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification, the court, on motion by an adverse party, may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorneys' fees, incurred by the adverse party in opposing it." Rule 1-341(a).

Upon review of a request for attorneys' fees, a court must make an overall finding of "bad faith" or "lack of substantial justification" in the claims made by the non-moving party. *See Hess v. Chalmers*, 33 Md. App. 541, 545 (1976). Once a court finds that a party or counsel has acted in bad faith or without substantial justification the court may apportion costs and reasonable attorney's fees or may choose not to award fees at all." *Condominium Association, Inc. v. Plaza Condominium Joint Venture*, 64 Md. App. 107, 120 (1988).

A finding of bad faith is not an automatic guarantee of an award for attorneys' fees.

Entered: Clerk, Circuit Court for
Montgomery County, MD
September 17, 2025

"[A]ttorney's fees as sanctions can occur only upon the satisfaction of a two-prong test: 'If the judge makes the requisite finding that a litigant acted in bad faith or without substantial justification, the judge should not automatically impose sanctions. After finding bad faith or lack of substantial justification, the judge should then exercise discretion in deciding, in light of those findings, whether costs and/or attorney's fees should be awarded.'" *Art Form Interiors, Inc. v. Columbia Homes, Inc.*, 92 Md. App. 587, 593 (1992) (quoting *Inlet Assocs. v. Harrison Inn Inlet, Inc.*, 324 Md. 254, 266 (1991)). Furthermore, "'bad faith' referred to in Rule 1–341 is defined as acting 'vexatiously, for the purpose of harassment or unreasonable delay, or for other improper reasons.'" *Art Form Interiors, Inc.*, 92 Md. App. at 594 (quoting *Inlet*, 324 Md. at 268).

In the case at bar, Plaintiff willfully disregarded an order to transfer all the funds in his Maryland 529 Plans for each Minor Child to a Maryland 529 account in Defendant's name on or before June 20, 2025. Plaintiff willfully and flagrantly disregarded this court order. In Plaintiff's Answer filed July 11, 2025, he confessed that he had "not transferred the funds to a Maryland 529 account in Defendant's name."

Plaintiff does not contest Defendant's claim that he did not willfully comply with the Order. The gravamen of Plaintiff's argument was (and may still be) that the "JAD is riddled with errors. **In fact, it is wholly incompetent.**" (emphasis in original). Assuming *arguendo* that the order issued was indeed erroneous, such arguments are for appeal – not a defense for willful disobedience of a court order. As a practicing attorney, Plaintiff surely understands these are first principles. It is axiomatic that an aggrieved party may take their frustrations to the court above but may not rely on such frustrations as valid justifications for openly flouting the orders of a court. Such a precept is so fundamental to our system of justice that without it, court orders are nothing more than words on paper, with little – if any – real world effect. Therefore, it is without question

Page 3 of 5

Entered: Clerk, Circuit Court for
Montgomery County, MD
September 17, 2025

that Plaintiff's recalcitrance was without any lawful justification – substantial or otherwise. The Court finds that Plaintiff's refusal and then eventual compliance was for the purpose of unreasonable delay and therefore, in bad faith.

Following a finding that a filing was made in bad faith or without substantial justification, a court must also make the determination as to whether the attorneys' fees requested by a party are reasonable. Generally, "[a] motion requesting an award of costs and expenses, including attorneys' fees, shall include or be separately supported by a verified statement that sets forth . . . (i) a detailed description of the work performed, broken down by hours or fractions thereof expended on each task; (ii) the amount or rate charged or agreed to in writing by the requesting party and the attorney; (iii) the attorney's customary fee for similar legal services; (iv) the customary fee prevailing in the attorney's legal community for similar legal services; (v) the fee customarily charged for similar legal services in the county where the action is pending; and (vi) any additional relevant factors that the requesting party wishes to bring to the court's attention." *Id.* at § (b)(1), (b)(3)(A)(i)-(vi).

Here, Defendant, by and through her counsel, has gone through the efforts necessary to show (i) a detailed description of the work performed by counsel in order to obtain Plaintiff's compliance with the JAD; (ii) the rate charged by counsel to Defendant; (iii) counsels' customary fee for similar legal services; (iv) the customary fee prevailing in the attorneys' legal community for similar legal services; (v) the fee customarily charged for similar legal services in the county where the action is pending; and (vi) additional factors necessary – such as exhibits elucidating their tireless efforts to gain Plaintiff's compliance. *Id.* The Court finds that Defendant's counsel's rate is customary for similar legal services, is customary in the legal community, and is customary in Montgomery County. As such, the necessary factors in 1-341(b)((3)(A) have been sufficiently presented by Defendant. Therefore, Defendant's attorneys' fees are reasonable.

Page 4 of 5

Entered: Clerk, Circuit Court for
Montgomery County, MD
September 17, 2025

## CONCLUSION

For the reasons stated above, in consideration of Defendant's Verified Petition for Contempt, Defendant's Supplemental Verified Petition for Contempt, Plaintiff's Answer thereto, and Defendant's Line and Affidavit related to attorneys' fees, it is this **16th day of September 2025**, by the Circuit Court for Montgomery County, Maryland,

**ORDERED**, that the relief in Defendant's Request for Attorneys' fees be, and hereby is, **GRANTED**; and it is further

**ORDERED**, that Defendant is awarded attorneys' fees in the amount of $1,222.00; and it is further

**ORDERED**, that judgment shall be entered against Plaintiff and in favor of Defendant in the amount of $1,222.00.

**LOUIS M. LEIBOWITZ, JUDGE**
Circuit Court for Montgomery County, Maryland

Entered: Clerk, Circuit Court for
Montgomery County, MD
September 17, 2025