IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHAN M.F. CHARLES, ESQ., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. PX-25-3302 |
| HON. LOUIS M. LEIBOWITZ, | * | |
| Defendant. | * | |
| | * | |

\*       \*       \*       \*       \*       \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim ("Motion") (ECF No. 10) filed by Defendant the Honorable Louis M. Leibowitz, an Associate Judge of the Circuit Court for Montgomery County, Maryland ("Judge Leibowitz"). Plaintiff's response (ECF No. 11) was filed on April 7, 2026, and the reply (ECF No. 17) was filed thereafter. On July 27, 2026, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.5(b), Judge Xinis referred this case to me for a report and recommendation on the Motion. ECF No. 20. I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that the Motion be granted and that the pending motions requesting leave to amend Plaintiff's complaint be denied as futile.

## I.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff Nathan M. F. Charles ("Plaintiff") is a licensed attorney proceeding *pro se*. ECF No. 1. Judge Leibowitz is a judge on the Circuit Court for Montgomery County, Maryland who

presided over[1] a state court family law case concerning Plaintiff's divorce with his ex-wife and the custody of his children. *Id.* The action in this Court arises from two of Judge Leibowitz's orders requiring Plaintiff to pay sanctions during the custody litigation: (1) an opinion and order from September 24, 2025, ordering Plaintiff to pay $23,680 in attorney's fees to his ex-wife for Plaintiff's appeal of Judge Bibi M. Berry's custody order;[2] and (2) an order imposing $1,225[3] in sanctions against Plaintiff related to a petition for contempt that was later withdrawn. ECF Nos. 1 at 6-7 & 13-1 at 4. Before Judge Leibowitz issued the sanctions, he warned that if Plaintiff continued to maintain an angry attitude and instigate additional issues (like threatening a loan officer that he would sue her), making the case more difficult and heightening the existing tension in the case, then Plaintiff would be forced to pay attorney's fees. ECF No. 1 at 5-6.

Pursuant to 42 U.S.C. § 1983, Plaintiff brings several constitutional claims against Judge Leibowitz, alleging that his constitutional rights to free speech, due process, and equal protection have been violated.[4] Plaintiff asks this Court for the following relief:

> a. Issue a declaratory judgment that sanctions imposed against Plaintiff based on his speech violate the First and Fourteenth Amendments;

---

[1] There are also several other judges who presided over the proceedings in state court. Plaintiff filed his complaint solely against Judge Leibowitz. However, Plaintiff now seeks leave to add eight other judges as defendants: three judges of the Appellate Court of Maryland, Douglas R.M. Nazarian, Stuart R. Berger, and Laura S. Ripken; and five colleagues of Judge Leibowitz on the Circuit Court for Montgomery County, Maryland, Christopher C. Fogleman, Bibi M. Berry, Marybeth E. Ayres, Carlos F. Acosta, and James A. Bonifant. *See* ECF No. 21-1.

[2] Upon a Motion to Reconsider, Judge Leibowitz later vacated this Order as to the amount of attorney's fees. ECF No. 10-3.

[3] Plaintiff's Complaint conflicts with Judge Leibowitz's Order, which orders attorney's fees in the amount of $1,222. *Compare* ECF No. 1 at 7, *with* ECF No. 10-4.

[4] Plaintiff's Complaint also attempts to bring a substantive due process claim against Judge Berry, arguing that Judge Berry's custody order violates Plaintiff's "fundamental liberty to parent his children." ECF No. 1 at 12. Notably, however, Judge Berry is not currently a proper party in this case.

b. Enter a preliminary and permanent injunction prohibiting Defendant from imposing attorney's fees sanctions against Plaintiff based on the content or tone of his communications, filings, or criticisms;

c. Award Plaintiff costs and such further relief as this Court deems just and proper.

ECF No. 1 at 12. Judge Leibowitz asks the Court to dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. ECF No. 10-1 at 6.

For the reasons set forth below, I recommend that the Motion be granted because the Court lacks subject matter jurisdiction. The Court need not reach the issue of whether Plaintiff has properly stated a claim under Rule 12(b)(6). *See Lane v. Wynne*, No. PJM-04-1051, 2006 WL 4711891, at *2 (D. Md. June 23, 2006) ("When a defendant brings a Motion to Dismiss based on both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), resolution of subject matter jurisdiction takes precedence because without that, the court does not have the authority to determine the adequacy of the claims." (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95-96 (1998)).

## II.     DISCUSSION

Defendant argues that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because Plaintiff is really seeking a review of Judge Leibowitz's state court decisions ordering Plaintiff to pay attorney's fees. ECF No. 10-1 at 7-8. Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because he is not seeking appellate review. ECF No. 11 at 6. Instead, according to Plaintiff, he[5] "challenge[s] an independent constitutional injury: the ongoing practice of sanctioning protected speech without identifying misconduct." *Id.*

---

[5] In his pleadings, Plaintiff refers to himself and his two children as the Plaintiffs. *See, e.g.*, ECF No. 11 at 1 (adding his children to the case caption). But Plaintiff has not been granted leave to file his First Amended Complaint (titled as his Second Amended Complaint), where he first attempts to add his children as plaintiffs. *See* ECF No. 5-3 at 5. Therefore, there is not an operative complaint that includes the Plaintiff's two children.

Because the *Rooker-Feldman* doctrine provides a jurisdictional bar to a plaintiff's claims, courts must address it before proceeding to the merits of a given case. *McNeil v. Maryland*, DKC-11-2495, 2012 WL 3643899, at *2 (D. Md. Aug. 22, 2012). Here, the *Rooker-Feldman* doctrine applies and it is my recommendation that this case be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

### A.    Law

Under 28 U.S.C. § 1257, the United States Supreme Court has jurisdiction to hear appeals from state court decisions in cases that raise questions of federal law. In contrast, lower "[f]ederal courts . . . have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). And "no federal statute 'authorize[s] district courts to exercise appellate jurisdiction over state-court judgments,' even those that raise issues of—or are alleged to violate—federal law." *T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 348 (4th Cir. 2025) (quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002)); *see also Lance v. Dennis*, 546 U.S. 459, 463 (2006).

The Supreme Court has consistently held firm to these principles, creating what has become known as the *Rooker-Feldman* doctrine and making it clear that federal district courts lack subject matter jurisdiction to review state court judgments. *See T.M.*, 139 F.4th at 348 (explaining that in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court upheld a district court's decision that it lacked jurisdiction over a claim that a state court's judgment was rendered

in violation of the federal Constitution, and that in *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that, to the extent the plaintiffs were asking the federal district court to review the District of Columbia court's denial of their petitions of waiver, the district court lacked subject matter jurisdiction). Most recently, the Supreme Court upheld the Fourth Circuit's holding in *T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th at 348, that affirmed Judge Gallagher's dismissal of a complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *T.M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739 (2026).

The *Rooker-Feldman* doctrine bars actions in federal district court that are "[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005); *see also T.M.*, 139 F.4th at 350 (explaining that under *Exxon*, the *Rooker-Feldman* doctrine is confined to cases that possess these four characteristics). Under *Rooker-Feldman*, whether state court judgments are "final trial-court judgements or those of a State's highest court[]" is immaterial. *T.M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739, 1752 (2026)

The doctrine extends to suits that do not explicitly claim to seek appellate review. *Reichert v. Hornbeck*, No. JMC-24-1865, 2025 WL 487337, at *6 (D. Md. Feb. 13, 2025). So long as claims are "inextricably intertwined" with state court decisions, *Rooker-Feldman* is implicated even if the claims were not actually adjudicated by the state court. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). Relevant here, the Fourth Circuit has held that this doctrine also applies to state court sanctions rulings. *See Lepelletier v. Tran*, 633 F. App'x 126, 127 (4th Cir. 2016) ("As the district court properly concluded, [Plaintiff's] claims were effectively a collateral attack on a state court sanctions ruling, and thus barred by the *Rooker-Feldman* doctrine . . . His

5

claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity also were barred by the plain language of 42 U.S.C. § 1983 (2012).").

The central question in the *Rooker-Feldman* analysis is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Senftle v. Landau*, 390 F. Supp. 2d 463, 469 (D. Md. 2005) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999)). *Rooker-Feldman* applies when the injury alleged resulted from the state court judgment itself, *Long*, 182 F.3d at 555, because in granting the federal plaintiff the relief sought, a federal court must determine that "the state court judgment was erroneously entered or must take action that would render the judgment ineffectual," thereby passing on the merits of that state court decision. *Senftle*, 390 F. Supp. 2d at 469 (citing *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)).

*Rooker-Feldman* is inapplicable when the alleged injury is distinct from the state court judgment or where a federal plaintiff raises an independent claim that is not "inextricably intertwined" with that state judgment. *Long*, 182 F.3d at 555. If a federal plaintiff "presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Senftle*, 390 F. Supp. 2d at 469 (citing *Exxon*, 544 U.S. at 293).

### B.     Analysis

In response to Judge Leibowitz's sanctions orders against him, Plaintiff brought this suit claiming that Judge Leibowitz violated his constitutional rights. He asks the Court to "enjoin the Maryland Circuit Court from continuing to impose attorney's fees sanctions against him" based on his constitutionally protected speech (which, according to Plaintiff, includes the tone and

content of his speech, his persistent communications and filings, and his criticisms of both opposing counsel and the Court). ECF No. 1 at 1-2. Because all four *Exxon* factors are met here, the *Rooker-Feldman* doctrine applies and Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

First, Plaintiff is a state-court loser. He claims that his constitutional rights were violated by Judge Leibowitz's orders, he asserts that the rulings against him were in error, and he now seeks redress through a declaratory judgment finding that Judge Leibowitz's orders were unconstitutional and an injunction prohibiting Judge Leibowitz from imposing any additional sanctions. ECF No. 1 at 12; *T.M.*, 139 F.4th at 350-51 (explaining that a litigant is a "state court loser" for *Rooker-Feldman* purposes when she claims to have been injured by a state court order, asserts the state court's judgment was in error, and seeks to have the federal district court overturn that order). The first *Exxon* requirement is satisfied.

Second, Plaintiff complains of injuries caused by Judge Leibowitz's orders. In *T.M. v. Univ. of Md. Med. Sys. Corp.*, the Fourth Circuit noted that while it may be difficult to determine whether a plaintiff is asking the district court to review and reject a state court judgment, "there's no complexity when the litigant directly asks a federal district court to declare a state-court order to be unconstitutional and enjoin its enforcement." 139 F.4th at 352 (internal citation and quotations omitted) (holding the second and fourth *Exxon* requirements were satisfied when T.M. had asked the district court to declare that the state court's consent order violated the Due Process clause of the Fourteenth Amendment and sought preliminary and permanent injunctive relief, which would have rendered the order unenforceable).

During this case, the Plaintiff has endeavored to frame his case as one that involves independent and separate issues from that of the state court divorce and custody proceedings.[6] Yet it is apparent from his Complaint that he is asking this Court to review the sanctions orders, find them unconstitutional, and enjoin Judge Leibowitz from imposing any similar orders in the future. *See* ECF No. 1 at 2, 9-12 (describing his First and Fourteenth Amendment claims that allegedly arose from the sanctions orders, asking the Court to find the sanctions unconstitutional, and seeking a preliminary and permanent injunction prohibiting Judge Leibowitz from imposing future sanctions based on Plaintiff's communications, filings, and criticisms of opposing counsel and the Court); *see also T.M.*, 139 F.4th at 352 (rejecting T.M.'s argument that did not align with T.M.'s complaint, as the complaint "is the document we examine to determine the source of a plaintiff's alleged injury and whether they seek review of a state court judgment."). The second *Exxon* requirement is satisfied.

Third, Judge Leibowitz's sanctions orders were rendered before the proceedings in this Court commenced. The sanctions orders were entered on September 17, 2025, and September 24, 2025. ECF Nos. 10-2 (Judge Leibowitz's order awarding Plaintiff's ex-wife $23,680 in attorney's fees) & 10-4 (Judge Leibowitz's order awarding Plaintiff's ex-wife $1,222 in attorney's fees). Plaintiff brought this action in this Court on October 3, 2025. ECF No. 1. It cannot be disputed that the state court orders (which obviously generated Plaintiff's Complaint in this Court) were rendered before the proceedings were filed in this Court. The third *Exxon* requirement is satisfied.

---

[6] *See, e.g.*, ECF No. 1 at 1 ("Plaintiff does not ask this Court to adjudicate divorce or custody matters, which are issues of state law."); ECF No. 11 at 7 ("Plaintiffs do not seek review or reversal of any state court decision but instead challenge[] an ongoing pattern of unconstitutional conduct—namely, the imposition of sanctions in retaliation for protected speech without identification of any improper filing—which falls outside the [*Rooker-Feldman*] doctrine's narrow scope.").

Fourth, and for the reasons stated in considering *Exxon*'s second requirement, Plaintiff is plainly inviting this Court to review and reject state court orders. Plaintiff expressly argues that, through his sanctions orders, Judge Leibowitz violated Plaintiff's constitutional rights, and asks this Court to find that the "sanctions imposed against Plaintiff based on his speech violate the First and Fourteenth Amendments[.]" ECF No. 1 at 12. Such a finding would require this Court to review and reject Judge Leibowitz's judgments. The fourth *Exxon* requirement is satisfied.

This case was "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284. Plaintiff claims that his constitutional rights were violated as a result of Judge Leibowitz's orders themselves, and his claims are therefore "inextricably intertwined" with the state court judgments. *Long*, 182 F.3d at 555. Accordingly, the *Rooker-Feldman* doctrine applies, and this Court lacks subject matter jurisdiction. For this reason, I recommend the Motion be granted.

I also recommend that Plaintiff's motions for leave to amend (ECF Nos. 5, 18 & 21) be denied because the proposed amendments would be futile since they are also barred by the *Rooker-Feldman* doctrine.* Although leave to amend should be liberally granted, Fed. R. Civ. P. 15(a)(2), leave may be denied when the proposed amended complaint (or complaints in this case) fail to satisfy the federal rules and are therefore futile. *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *see also Rout v. First Sav. Mortg. Corp.*, No. RWT-11-505, 2011 WL 3820523, at *3 (D. Md. Aug. 26, 2011) ("Futile amendments are those that cannot survive a motion to dismiss." (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995))). Plaintiff's proposed amended complaints, including the fourth amended complaint filed on June 23, 2026 (ECF No. 18) and the fifth amended complaint filed on July 29, 2026 (ECF

No. 21), propose to add eight state court judges as defendants with the Plaintiff alleging additional claims against these judges. ECF No. 21-1. For the reasons already discussed, the alleged claims against the eight additional judge-defendants suffer the same defect as the original complaint against Judge Leibowitz. These claims are barred by the *Rooker-Feldman* doctrine. Permitting Plaintiff to amend his complaint would be futile. Accordingly, I recommend that Plaintiff's pending motions seeking leave to amend the complaint be denied.

### III.   CONCLUSION

For the reasons set forth above, I recommend that the Court grant the Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 10), and dismiss the Complaint without prejudice for lack of subject matter jurisdiction. Furthermore, I recommend that the Court deny Plaintiff's motions for leave to amend his complaint (ECF Nos. 5, 18 & 21).

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

August 7, 2026
Date

_____/s/_____
Timothy J. Sullivan
Chief United States Magistrate Judge